**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4122
_____

FRANCISCO RAMIREZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-916-267)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010

Before: RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed :July 15, 2010)

_____

OPINION
_____

PER CURIAM

        Francisco Ramirez petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming an Immigration Judge's ("IJ") decision denying his motion to

reconsider. For the reasons that follow, we will deny the petition for review.

## I.

Ramirez, a citizen of Guatemala, entered the United States in September 1993 and was placed in removal proceedings for not having been admitted or paroled. In February 1994, Ramirez applied for asylum. At a hearing in October 2007, Ramirez withdrew his application for asylum, and at a hearing in May 2008, Ramirez conceded removability but requested cancellation of removal pursuant to INA § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)] based on his allegation that his removal would result in exceptional and extremely unusual hardship to his two U.S. citizen children. Ramirez and his wife testified that their two young children rely on their father for emotional and physical support. They testified that their daughter has a speech problem, and Ramirez takes her to weekly speech therapy appointments. The parents testified that if Ramirez is removed, the children would not relocate to Guatemala, as the mother (who is a native and citizen of Honduras) would not be able to find work and the daughter would not be able to receive speech therapy in Guatemala.

The IJ considered the family's circumstances, including the daughter's speech disorder, but found that Ramirez's removal would not constitute exceptional and extremely unusual hardship to the two children. The IJ denied Ramirez's application for cancellation of removal and ordered him removed to Guatemala. Ramirez did not appeal to the BIA. Rather, through new counsel, Ramirez moved the IJ to reconsider his case.

2

In his motion, Ramirez submitted new evidence of his daughter's speech disorder. He also argued that the withdrawal of his asylum application was not an informed decision, as his previous attorney and the IJ failed to advise him that he could pursue both the petitions for asylum and his application for cancellation of removal.

The IJ denied Ramirez's motion to reconsider, finding that he failed to specify errors of fact or law in the prior decision. The IJ found that the record did not support Ramirez's assertion that his choice to withdraw his asylum application was not knowing and voluntary. Ramirez appealed, and in an order dated October 2, 2009, the BIA dismissed Ramirez's appeal, agreeing with the IJ's reasoning for denying reconsideration. Treating the additional evidence as a motion to reopen, see 8 C.F.R. § 1003.23(b)(3), the BIA declined to reopen the proceedings, concluding that the submitted evidence was not new or material and did not support a conclusion of exceptional and extremely unusual hardship. Ramirez filed a timely petition for review.

## II.

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992); Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The BIA's decision is entitled to "broad deference." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Ramirez must show that the BIA's discretionary decision was arbitrary, irrational,

3

or contrary to law.  See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (quotation omitted).

III.

We conclude that the BIA did not abuse its discretion in denying Ramirez's motion to reconsider.  Ramirez argues that the BIA erred by refusing to consider the additional evidence submitted with his motion to reconsider.  A motion to reconsider is based solely on errors of fact or law in a prior decision and is not to be supported with new evidence.  See 8 C.F.R. § 1003.23(b).  Under 8 C.F.R. § 1003.2(c)(1), the BIA has discretion to reopen proceedings if the movant states new facts to be proved at a hearing that are supported by affidavits or other evidentiary material.  That new evidence must be material and have been unavailable at the former hearing.  Id.  Ramirez argues that the evidence submitted — psychiatric evaluations of his children — was new and material.  However, since the IJ had previously found that Ramirez's daughter had a speech disorder but that her treatment would not be affected with her father's absence, this new evidence was immaterial on the issue of exceptional and extremely unusual hardship.[1]  Thus, the BIA did not abuse its discretion in declining to reopen proceedings based on the evidence submitted.

Ramirez also argues that he was deprived of due process because the IJ failed to

---

[1]We lack jurisdiction to review the IJ's conclusion that the daugher's treatment would not be interrupted by her father's removal.  See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (holding that the "hardship determination" is discretionary and, accordingly, this Court lacks jurisdiction to review it).

4

advise him of his right to pursue both an asylum claim and an application for cancellation of removal. In the immigration context, due process entitles an alien to "a full and fair hearing and a reasonable opportunity to present evidence." Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006). The record reveals no violation of due process. See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006). At a proceeding in November 2006, the IJ told Ramirez that it was fine for him to proceed with both a claim for asylum and a request for cancellation of removal. (A.R. 131.) At a later proceeding in October 2007, the IJ requested Ramirez's counsel to confirm that his decision to withdraw the claims for asylum and withholding of removal was knowing and voluntary. (A.R. 135.) Ramirez testified that he wished to withdraw these claims, that he was satisfied with the advice of his attorney, and that he did not have any questions regarding the withdrawal of the claims. (A.R. 136-37.) After both attorneys testified that they were satisfied that the withdrawal was knowing and informed, the IJ deemed the applications withdrawn. (A.R. 137.) For these reasons, we reject Ramirez's due process claim.

For the above reasons, we will deny the petition for review.

5